**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

───────────

**No. 14-4103**

───────────

UNITED STATES OF AMERICA,

                Plaintiff - Appellee,

      v.

STEPHANIE CHAPMAN,

                Defendant - Appellant.

───────────

Appeal from the United States District Court for the Eastern District of Virginia, at Alexandria. Liam O'Grady, District Judge. (1:13-cr-00298-LO-1)

───────────

Submitted: December 19, 2014      Decided: January 7, 2015

Amended: January 8, 2015

───────────

Before NIEMEYER and THACKER, Circuit Judges, and HAMILTON, Senior Circuit Judge.

───────────

Affirmed by unpublished per curiam opinion.

───────────

Alfred L. Robertson, Jr., ROBERTSON LAW OFFICE, PLLC, Alexandria, Virginia, for Appellant. Dana J. Boente, United States Attorney, Michael J. Frank, Assistant United States Attorney, Stacey K. Luck, Special Assistant United States Attorney, Alexandria, Virginia, for Appellee.

───────────

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

A federal jury convicted Stephanie Chapman of conspiracy to commit sex trafficking of a child, sex trafficking of a child, and interstate transportation of a minor for purposes of prostitution, in violation of 18 U.S.C. §§ 2, 1591(a)(1), 1594(c), 2423 (2012). The district court sentenced Chapman to a total of eleven years' imprisonment, and she now appeals. Finding no error, we affirm.

Chapman first argues that insufficient evidence supported the jury's finding of guilt. Specifically, Chapman contends that the Government failed to prove that (1) she benefitted financially; (2) she had knowledge or reckless disregard of Jane Doe's age; and (3) violence, threats of violence, or coercion were used to engage Jane Doe in prostitution. By these assertions, Chapman challenges the Government's proof of the elements of sex trafficking of a child, in violation of 18 U.S.C. § 1591(a). She does not however, address elements of the other charges against her in the indictment. See 18 U.S.C. §§ 2, 2423, 1594. By failing to brief these issues, Chapman has waived review of them. See United States v. Al-Hamdi, 356 F.3d 564, 571 n.8 (4th Cir. 2004) ("It is a well settled rule that contentions not raised in the argument section of the opening brief are abandoned.").

We review challenges to the sufficiency of evidence de novo. United States v. Roe, 606 F.3d 180, 186 (4th Cir. 2010). "The standard for reversing a jury verdict of guilty is a high one: the Court does so only where the prosecution's failure is clear." United States v. Perry, 757 F.3d 166, 175 (4th Cir. 2014) (internal quotation marks omitted). "The jury's verdict must be upheld on appeal if there is substantial evidence in the record to support it, where substantial evidence is evidence that a reasonable finder of fact could accept as adequate and sufficient to support a conclusion of a defendant's guilt beyond a reasonable doubt." Id. (internal quotation marks omitted). In assessing evidentiary sufficiency, the evidence and reasonable inferences drawn therefrom are viewed in the light most favorable to the Government. Id. We do not reassess the jury's determinations of witness credibility. United States v. Kelly, 510 F.3d 433, 440 (4th Cir. 2007).

In order to convict a defendant of a violation of § 1591(a)(1), the government must prove that the defendant: (1) knowingly recruited, transported, harbored, maintained, obtained, or enticed a person, (2) in or affecting interstate commerce, (3) knowing or in reckless disregard of the fact that the victim had not attained the age of eighteen years and would be made to engage in a commercial sex act. United States v. Garcia-Gonzalez, 714 F.3d 306, 312 (5th Cir. 2013). However,

3

"[i]n a prosecution under subsection (a)(1) in which the defendant had a reasonable opportunity to observe the person so recruited, enticed, harbored, transported, provided, obtained or maintained, the Government need not prove that the defendant knew that the person had not attained the age of 18 years." 18 U.S.C. § 1591(c). We have thoroughly reviewed the record and conclude that there was substantial evidence of Chapman's guilt of the offenses.

Chapman also argues that the district court erred by denying her request to issue a jury instruction on mistake of fact. We review for abuse of discretion the district court's refusal to give a particular jury instruction. United States v. Shrader, 675 F.3d 300, 308 (4th Cir. 2012). The district court's refusal to grant a requested jury instruction is reversible error only if the proffered instruction was "(1) correct; (2) not substantially covered by the court's charge; and (3) dealing with some point in the trial so important, that failure to give the requested instruction seriously impaired the defendant's ability to conduct [her] defense." Id. When jury instructions are challenged on appeal, the issue is whether "the instructions, taken as a whole, adequately state the controlling law." United States v. Bolden, 325 F.3d 471, 486 (4th Cir. 2003) (internal quotation marks omitted). We have thoroughly reviewed the record and conclude

4

that the district court did not abuse its discretion in declining to give Chapman's proposed jury instruction.

Accordingly, we affirm the judgment of the district court. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

AFFIRMED